**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

    Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. C 07-03708 JSW

**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

    Now before the Court is Plaintiff's *ex parte* application for a temporary restraining. To date, Defendants have not filed any opposition. Nevertheless, having carefully considered Plaintiff's application, and finding this application suitable for disposition without oral argument pursuant to Civil Local Rule 7-6, the Court denies the application because Plaintiff failed to make an adequate showing, supported by admissible evidence, of immediate irreparable harm necessitating the issuance of a TRO and further failed to demonstrate the need to preserve the status quo pending final resolution. *See* Fed. R. Civ. P. 65(b).

    First, it is not clear that Plaintiff provided Defendants with notice of his *ex parte* application or that Plaintiff had a sufficient justification for not providing such notice. The Local Rules require that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." N.D. Civil Local Rule 65-1(b). The Court may issue a temporary restraining order without written or oral notice to the adverse party or that party's attorney under Federal Rule of Civil

Procedure 65(b) where: "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Here, Plaintiff failed to make any showing that he provided notice to Defendants or that notice could not have been provided to Defendants in accordance with Federal Rule of Civil Procedure 65(b) and Northern District Local Civil Rule 65-1(b).

      Second, Plaintiff failed to make a sufficient showing regarding the possibility of irreparable injury. "To prevail on a motion for temporary restraining order, as with a preliminary injunction, the moving party bears the burden of demonstrating either 1) a combination of probable success on the merits and the possibility of irreparable injury or 2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in the moving party's favor." *Bespaq Corp. v. Haoshen Trading Co.*, 2004 WL 2043522, *1 (N.D.Cal. Sept. 13, 2004) (*citing Sammartano v. First Judicial District Court,* 303 F.3d 959, 965 (9th Cir.2003)). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)). Courts have repeatedly held that a taxpayer's opportunity to sue for a refund is an adequate remedy at law. *See Church of Scientology v. United States*, 920 F.2d 1481, 1489 (9th Cir. 1990); *see also United States v. Lee*, 455 U.S. 252, 255 n.2 (1982) (explaining that, in the tax context, "injunctive relief is to be granted sparingly and only in exceptional circumstances").      Here, Plaintiff alleges that Defendants wrongfully assessed taxes against him and placed Internal Revenue Service liens on his property. Plaintiff has not demonstrated why an action to recover a refund would not provide him an adequate remedy at law.

Accordingly, the Court DENIES Plaintiffs' request for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: July 24, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

        Plaintiff,

  v.

USA et al,

        Defendant.

Case Number: CV07-03708 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 24, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael S. White
P.O. Box 304
Hopland, CA 95449

Dated: July 24, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk