SCOTT SCHOOLS (SCBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
9th Floor, Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7000

Attorneys for Defendants.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **MICHAEL S. WHITE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, PAULINE BALDENEGRO and ED SABRACK,**<br><br>**Defendants.** | **Case No. C-07-03708-JSW**<br><br>**UNITED STATES' MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES AND NOTICE**<br><br>**Date: January 22, 2008**<br><br>**Time: 1:00 p.m.**<br>**Place: Courtroom 205A, 2nd Floor** |

**MOTION TO DISMISS AND NOTICE OF MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on January 22, 2008, at 1:00 p.m., in 205A, 2nd Floor, 514 H Street, Eureka, California, the United States of America will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss this action. This motion is based on this notice, the ensuing memorandum of points and authorities, the pleadings on file in this action, and such other arguments or evidence as may be presented to the Court at the hearing.

**BACKGROUND**

On June 18, 2007, Michael S. White ("Plaintiff") filed a complaint against the United States, and individuals Pauline Baldenegro and Ed Sabrack, employees of the Internal Revenue Service ("IRS") seeking to stop the IRS from collecting taxes from him. Plaintiff seeks damages of $100,000.00, plus fees and costs and requests a temporary restraining order against the United States. The Court denied the request for a restraining order on July 24, 2007.

On September 25, 2007, Plaintiff filed an amended complaint and on November 26, 2007, Plaintiff filed a "Third Amended Complaint." By Order entered December 6, 2007, the Court struck the "Third Amended Complaint" because Plaintiff failed to seek leave of Court pursuant to Rule 15(a) of the Fed.R.Civ.P.

## DISCUSSION

### The Plaintiff has Failed to Allege a Waiver of the United States' Sovereign Immunity

The United States, as a sovereign, is immune from suit except when it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). It is plaintiff's burden to establish the jurisdiction of the court, and thus, plaintiff must show a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir, 1987), cert. denied, 487 U.S. 1204 (1988). Waiver of sovereign immunity must be unequivocally expressed. United States v. Testan, 424 U.S. 392, 399 (1976). It is plaintiff's burden to allege a waiver of federal sovereign immunity through a short and plain statement of the grounds upon which the Court's jurisdiction depends. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982); Fed. R. Civ. P. 8(a).

## ARGUMENT

### I. This Court Lacks Jurisdiction

### Anti-Injunction Act

Through this action, plaintiff seeks to stop the IRS from collecting taxes from him. He has named as defendants the United States and two of its employees.[1] Plaintiff cites no

---

[1]The IRS workers, Pauline Baldenegro and Ed Sabrack, are being sued in their official capacity as IRS employees. Clearly, the law dictates that the Court treat the plaintiff's claim as if it had been brought directly against the United States as opposed to its individual agents. Larson v. Domestic & Foreign Commerce Corp, 337 U.S. 682, 687-88 (1949)(lawsuit brought against federal officers treated as claim against the United States if the relief sought will be obtained from the sovereign entity, not the officer personally); see also Louisiana v. McAdoo, 234 U.S. 627, 631-32 (1914). Defendants Baldenegro and Sabrack should be dismissed from this suit and the United States substituted in their stead. In the Third Amended Complaint, which has been stricken by the Court, Plaintiff names yet another IRS worker, Doug Hall. Like Baldenegro and Sabrack, Hall is being sued in his official capacity as an IRS employee and should be dismissed as a party and the United States substituted in his place.

jurisdictional grounds to maintain this action against the IRS employees or the United States. Plaintiff filed a similar action which the Court dismissed by Order entered January 24, 2007. Michael S. White v. Marsha A. Wharff, et al., Case No. 06-4137-PJH (N.D. Cal.). In his Complaint, plaintiff cites numerous statutes to support his contention that the IRS should cease collecting taxes from him. Because the heart of this action is to stop collection, the Government begins its analysis with the Anti-Injunction Act, designed to prevent interference with the assessment or collection of taxes with certain limited exceptions, none of which are applicable here.

The Anti-Injunction Act, codified at §7421(a) of the Internal Revenue Code (26 U.S.C.) provides that "... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." This prohibits the maintenance of suits to enjoin the Government from assessing or collecting taxes (with certain limited exceptions not present here.) The purpose of the is to permit the Government to assess and collect taxes with a minimum of pre-enforcement judicial interference and to require that the legal right to disputed sums be determined in a suit for refund. Bob Jones University v. Simon, 416 U.S. 725, 736-737 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 8 (1962)(the goal of the statute is to avoid suspending the collection of taxes.)

If the plaintiff has a grievance with the IRS, he has recourse other than filing this action. The Internal Revenue Code provides an administrative remedy for a taxpayer who wishes to contest the validity or amount of any tax assessment by the IRS. Before the IRS can engage in any action to collect an assessment or enforce a tax lien or levy against a taxpayer's property, the IRS must provide notice of its intention to the taxpayer and allow the taxpayer an opportunity to request a CDP (Collection Due Process ) hearing. See 26 U.S.C. Code § 6330(b). When a taxpayer requests a CDP hearing, the IRS must immediately halt all collection and enforcement activities until the IRS Office of Appeals rules on the taxpayer's claim. 26 U.S.C. §6330(e).

If the taxpayer is displeased with the IRS's decision afer these procedures are completed, the taxpayer can appeal the IRS Office of Appeals' ruling to the United States Tax Court or, in

some cases, to the United States District Court. This is the only mechanism for a taxpayer to challenge a tax assessment unless the taxpayer fully pays the taxes and files a claim for refund. 26 U.S.C. §7422(a); 28 U.S.C. §1346(a)(1); United States v. Dalm, 494 U.S. 596 (1990); Michael S. White v. Marsha A. Wharff, et al., Case No. 06-4137-PJH (N.D. Cal.)

In *Dalm* the Supreme Court held that, under the doctrine of sovereign immunity, the United States cannot be sued by a taxpayer for a tax refund or to challenge a tax liability unless the procedures of the Internal Revenue Code are followed. In the instant case, the plaintiff has not alleged that any of these actions took place.

Plaintiff cites 26 U.S.C. §6331(i)(4)(b) as the jurisdictional grounds for injunctive relief. That section provides that "a levy or collection proceeding prohibited by this subsection may be enjoined (during the period such prohibition is in force) by the court *in which the proceeding under paragraph (1) is brought*." 26 U.S.C. § 6331(i)(4)(b) (emphasis added). The proceeding in paragraph 1 is "any proceeding brought by [a taxpayer] in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person if--(A) the decision in such proceeding would be res judicata with respect to such unpaid tax; or (B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding." 26 U.S.C. § 6331(i)(1). This case is such a proceeding only if this is a "proper" court and the suit is for *recovery* of tax *which was paid*. As stated above, this Court has jurisdiction over plaintiff's action under this section only if plaintiff has paid the tax and sues for refund. Plaintiff does not allege that he has paid the underlying taxes and therefore cannot rely on Section 6331(i)(4)(b) as jurisdictional grounds to support this action. Unico Services, Inc. v. United States, 71 Fed.Cl. 464 (Ct. Fed. Cl. 2006).

**Plaintiff has cited no jurisdictional basis for a civil action against the individual employees of the Internal Revenue Service or the United States**

Although the Complaint is lengthy, the factual basis for the requested relief against the individual employees relate to collection actions taken as employees of the Internal Revenue Service. As jurisdictional grounds to support his claims against these individuals, Plaintiff relies on 28 U.S.C. §§ 1331, 451, 1357, 1361, and 1391(e); 26 U.S.C. §7433; and F.R.Civ.P

65(b). None of these rules or code sections authorize this Court to exercise subject matter jurisdiction over Plaintiff's claims against these IRS employees, Pauline Baldenegro and Ed Sabrack, or the United States of America.

28 U.S.C. §1331

Section 1331 of the United States Code (28 U.S.C.) creates "federal question" jurisdiction in district court for cases "arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Mere invocation of Section 1331 is insufficient to show jurisdiction without specifying under *which* Constitutional provision, laws, or treaties the case arises. Hughes v. United States, 953 F.2d 531 (9th Cir. 1992).

28 U.S.C. § 451

Section 451 of the United States Code (28 U.S.C.) is the "General Provisions Applicable to Courts and Judges." That section merely defines other terms used in Title 28; it does not create claims under federal law.

28 U.S.C. §1391 and 1391(e)

Plaintiff also relies on 28 U.S.C. § 1391 as grounds for jurisdiction. This section deals with venue, "and cannot itself confer jurisdiction." Andrus v. Charlestone Stone Products Co., Inc., 436 U.S. 604, 608, n.6 (1978).

28 U.S.C. § 1357

Plaintiff also cites 28 U.S.C. §1357. This statute gives the district courts original jurisdiction over suits "commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State." 28 U.S.C. § 1357. Since Plaintiff nowhere alleges that he suffered damages while

collecting revenues or enforcing the right to vote, this section is inapplicable. Balc v. United Steelworkers of America, 1973 WL 241 (W.D.Pa. 1973).

28 U.S.C. § 1361

Next, Plaintiff offers 28 U.S.C. §1361 as a jurisdictional basis for this action. This section grants original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, the Federal Mandamus Act is not an independent ground for jurisdiction. See Starbuck v. City and County of San Francisco, 556 F.2d 450, 459 (9th Cir. 1977); United Petro/Energy Corp. v. United States, 846 F.Supp. 993, 996 (S.D. Fla. 1994)

26 U.S.C. §7426

Plaintiff includes as his sixth cause of action a claim for wrongful levy. 26 U.S.C. § 7426 allows those "who claims an interest in or lien on such property" to bring suit. 26 U.S.C. § 7426(a) The statute, however, excludes "the person against whom is assessed the tax out of which such levy arose." *Id.* Plaintiff is both the taxpayer against whom the tax is assessed and the party who claims interest in the property subject to lien. In addition, Plaintiff disputes the validity of the assessment from with the levy arose, arguing that "there has not been any legal assessment, the government cannot prove it made an assessment . . ." Second Amend. Cmplt., p. 13. "[O]ne who sues under s 7426 cannot challenge the validity of the assessment " Shannon v. U.S., 521 F.2d 56, 59 (9th Cir. 1975). Plaintiff lacks standing to sue and cannot challenge the assessment under Section 7426.

26 U.S.C. §7433

Plaintiff cites "IRC 7433" as a jurisdictional ground for his lawsuit. That section authorizes a suit by a taxpayer if "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. 7433(a). However, the taxpayer must bring such a suit "against the

United States." *Id.* Section 7433 does not create subject matter jurisdiction over Plaintiff's claims against individuals. In connection with 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims against the United States, but not the individuals named in the complaint. As explained below, the Court should dismiss the Section 7433 action against the United States on the grounds set forth below.

**II. The Criminal Statutes that Plaintiff Cite Do Not Create Subject Matter Jurisdiction**

Plaintiff submits several criminal statutes as bases for his lawsuit. Even assuming for argument's sake that a federal criminal statute was violated, Plaintiff does not automatically have standing to prosecute individuals under those statutes. Cannon v. University of Chicago, 441 U.S., 677, 688 (1979). To determine the existence of a private cause of action, a court must determine "whether Congress intended to create the private right of action asserted" by a plaintiff, using the principles of statutory construction. Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979). The Court only has jurisdiction of Plaintiff's private claims for violations of criminal statutes if Congress intended to create private causes of actions. The burden to demonstrate Congressional intent to create a private remedy rests with Plaintiff. Suter v. Artist M., 503 U.S. 347, 363 (1992). Plaintiff fails to discharge this burden for any of the criminal statutes that he cites.

18 U.S.C. § 1344 prohibits bank fraud, imposing penalties for violators of fines up to $1,000,000 and prison sentences of up to 30 years. In enacting Section 1344, Congress intended to "protect[ ] the financial integrity of these institutions, and ... assure a basis for Federal prosecution of those who victimize these banks through fraudulent schemes." U.S. v. Stavroulakis, 952 F.2d 686, 694 (2nd Cir. 1992), quoting S.Rep. No. 225, 98th Cong., 2d Sess. 377 (1983). Since Congress passed the bank fraud law for the protection of banks, it does not create a private cause of action for plaintiff, a citizen. Curiale v. Reissman, 798 F.Supp 141 (S.D.N.Y. 1992); Christakes v. Burnhart, 1997 WL 94740 (N.D. Ill 1997); Porcaro v. Parizek, 2007 WL 2225880 (E.D. Mich 2007).

Plaintiff also directs the Court to subsections (b)(1), (d)(1), and (d)(2) of 18 U.S.C. §

3771 as causes of action and jurisdictional grounds. Plaintiff failed to notice section (d)(6), which states that "[n]othing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. 18 U.S.C. § 3771(d)(6). Plaintiff cannot sue under Section 3771, and it does not create jurisdiction in this Court.

18 U.S.C. § 1505 makes obstruction of justice a crime punishable by up to 8 years. It provides for no monetary fines or penalties. The Supreme Court has written that 1505 does not expressly create a private right to sue for damages. Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). Courts have also refused to recognize any implied intent by Congress to create a private cause of action under 18 U.S.C. § 1505. *See* Williams v. Cintas Corp., 2007 WL 1295802, (N.D.Tex. April 10, 2007) (NO. 3-07-CV-0561-M); Boisjoly v. Morton Thiokol, Inc., 706 F.Supp. 795, 807 (D.Utah 1988); Fox v. Vitamin Cottage Natural Grocers, 2006 WL 2308492, (D.Colo. August 09, 2006) (NO. 05-CV-00962-REB-PAC). Plaintiff cannot sue under this statute.

Section 1512 prohibits witness tampering; Plaintiff raises it as a cause of action. Statutes that are part of comprehensive legislative schemes, including an integrated system of procedures for enforcement, create a strong presumption against the creation of a private cause of action. Hamrick v. Gottlieb, 416 F.Supp.2d 1, 5 (D.D.C. 2005) In that case, the court found that 1512 is part of a comprehensive scheme ans that "Congress did not intend for the courts to imply" a private cause of action. *Id.* Plaintiff fails to offer anything in Section 1512 that rebuts the presumption against federal subject matter jurisdiction.

In support of his request for injunctive relief, Plaintiff relies on 18 U.S.C. § 1514, which allow civil actions to restrain harassment of a victim or witness. Such actions are only available upon application or motions by an "attorney for the Government." 18 U.S.C. § 1514(a, b). Plaintiff is not an attorney for the Government; Section 1514 does not apply.

26 U.S.C. § 7214 imposes punishment on federal employees who commit certain acts in

connection with revenue laws. For those convicted, Section 7214 provides for dismissal from employment, fines and prison time, as well as "judgment against the said officer or employee for the amount of damages sustained in favor of the party injured." Plaintiff has certainly alleged that he has incurred damages due to unlawful acts of revenue agents, specifically the demand of "greater sums than are authorized by law." 28 U.S.C. § 7214(a)(2). However, since no one has been "convicted" of violating Section 7214, Plaintiff's claim for damages cannot rest on this section.

Finally, Plaintiff tries to create a private cause of action out of 18 U.S.C. § 1028. This section makes illegal fraud in connection with identification documents. The district court in New York dismissed a private claim under this statute as "without merit because the statute is criminal in nature and provides no private right of action." Garay v. U.S. Bancorp, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004). In addition, like the Plaintiff in the present case, the plaintiff in *Garay* "failed to set forth any basis establishing that Congress intended a private right of action under this statute." *Id.* Plaintiff cannot maintain a cause of action under Section 1028.

## III. Plaintiff's § 7433 Claim Is Untimely and Is Prohibited By Claim Preclusion

### LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See* Shwarz v. United States, 234 F.3d 428, 435 (9th Cir.2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See* SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 782 (9th Cir.1996); Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.1984).

//

## ARGUMENT

### A. Plaintiff Did Not Exhaust Administrative Remedies

A plaintiff cannot recover damages against the United States for "certain unauthorized collection actions" only if "the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). To exhaust administrative remedies, a taxpayer has to file with the IRS an administrative claim in a form prescribed by regulations. 26 C.F.R. § 301.7433-1(e). Time limits for filing these lawsuits state that "no action . . . shall be maintained in any federal district court" before the earlier of a decision on the administrative claim or six months after the filing of the claim. In his Second Amended Complaint, Plaintiff claims that "all administrative requirements were exhausted with ample time given for a credible response and none was received." Second Amend. Cmplt., p. 7. In support of this contention, Plaintiff attached a copy of his administrative claim as Exhibit A-1. In that document, Plaintiff attempts to comply with 301.7433-1(e). The date of Plaintiff's administrative claim is May 11, 2007. This action was commenced by filing a complaint on July 18,2007, two months after the date on the administrative claim. Although Plaintiff claims to have received no response, he must wait to file his suit until six months after filing the claim. Because Plaintiff filed his claim before satisfying the time limits for exhausting administrative remedies, his claim must be dismissed. Conforte v. United States, 979 F.2d 1375 (9th Cir. 1993).

### B. The IRS Made Valid Assessments Against The Plaintiff as Evidenced by the Certificates of Assessments and Payments.

The crux of Plaintiff's complaint is that the IRS is illegally collecting taxes. Plaintiff has made this complaint in prior proceedings before the United States Tax Court and the United States District Court.

The Tax Court dismissed Plaintiff's petition finding "[t]he record in this case convinces us that petitioners were not interested in disputing the merits of the deficiency in income tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioners regard this case as a vehicle to protest the tax laws of this country and espouse their

own misguided views...Based on well established law, petitioners' position is frivolous and groundless." See Exhibit 5 to Stier Declaration, Order of Dismissal and Decision, p. 3. Paragraph 4.

Plaintiff previously filed suit in this district court contesting that tax assessments and the resulting liens against him were wrongful. White v. Wharf, 2007 WL 196676 (N.D.Cal., January 24, 2007). The court dismissed that case against the United States and the individual defendant. *Id.* As to the United States, the court dismissed because Plaintiff failed to establish a basis for the court's subject matter jurisdiction since the United States did not waive sovereign immunity for any of Plaintiff's claims *Id.* at 4-5. After disposing of the Plaintiff's stated grounds for jurisdiction, the court also rejected a possible claim to quiet title under 28 U.S.C. § 2410 since Plaintiff did not "challenge procedural irregularities in the establishment of the lien." *Id.* at 5. In his current suit, Plaintiff tries to remedy this shortcoming by focusing on alleged procedural failures in the assessment and collection procedures.

In this action, Plaintiff alleges "... Defendants have not proven there is a tax liability, they have not proven they have a secured a litigated lien, they have not proven that a legal assessment has been performed ... there has not been any proof that there is a legitimate tax liability, because there have not been any documents verifying a tax liability, because the government cannot produce the required legal assessment ..." Second Amended Complaint, page 4, lines 9 - 11 and 16-18.

To establish the tax assessments made by the Internal Revenue Service against the Plaintiff, the United States submits Certificates of Assessments and Payments for the 1996, 1997, 1998 and 1999 tax years. See Exhibits 1, 2, 3 and 4 to Declaration of Cynthia Stier. The Certificate of Assessment and Payments establish that the assessment was made, notice of deficiency and assessments were mailed. The law provides that a Certificate of Assessments and Payments, absent contrary evidence, is sufficient to establish that the assessments and notices were properly made. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984); United States v. Chila, 871 F.2d 19015, 1017-18 (11th Cir.), cert. denied, 493

U.S. 975 (1989); Hughes v. United States, 953 F.2d 531 (9th Cir. 1992); Borrero v. United States, 1993 WL 625569 (E.D. Cal.).

Plaintiff's claims, whether under the guise of causes of action under criminal statutes, accusations of Constitutional violations, or allegations of procedural inadequacy in the tax collection process, stem from taxes due from Plaintiff for 1996, 1997, 1998 and 1999. See Notices of Federal Tax Lien, attached to Plaintiff's Second Amended Complaint as Exhibit B. Plaintiff has produced no evidence to support a cause of action against the individual Defendants or against the United States.

**CONCLUSION**

For the reasons set forth above, this Court should dismiss this action, with prejudice.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney, Tax Division