IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. C 07-03708 JSW

**ORDER CONVERTING DEFENDANTS' MOTION TO ONE FOR SUMMARY JUDGMENT AND RESETTING HEARING DATE**

Now before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Defendants contend that this Court lacks jurisdiction over Plaintiff's complaint and that Plaintiff's complaint fails to state a claim. Plaintiff alleges that Defendants wrongfully assessed taxes against him and levied federal tax liens against his property. Plaintiff's ability to challenge these assessments and liens is severely limited. The Court only has jurisdiction over Plaintiff's claim to the extent he asserts "a *procedural* challenge to a *lien*." *See PCCE, Inc. v. United States*, 159 F.3d 425, 428 (9th Cir. 1998) (citing *Arford v. United States*, 934 F.2d 229, 232 (9th Cir.1991) (stating that [28 U.S.C.]§ 2410 permits "quiet title actions challenging the procedural aspects of tax liens, but not the merits of the underlying tax assessments")); *see also Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990) (holding that a taxpayer may contest the procedural validity of a tax lien through a quiet title action).

Construed liberally, Plaintiff's complaint may be read to contain a claim asserting procedural deficiencies with the tax liens. Although Defendants have submitted Certificates of Assessments and Payments on Form 4340, the Court cannot consider such evidence without treating Defendants' motion to dismiss as one for summary judgment under Federal Rule of

1  Civil Procedure 56(f). *See* Fed. R. Civ. P. 12(b). In order to consider such evidence, the Court
2  must provide Plaintiff with a reasonable opportunity to present opposing evidence. *See id.* The
3  Court HEREBY VACATES the hearing set for January 25, 2008 on Defendants' motion to
4  dismiss. The Court FURTHER ORDERS that Plaintiff shall have until March 28, 2008 to
5  submit an opposition brief and evidence in support of his claims contesting the procedural
6  validity of the tax liens in accordance with Federal Rule of Civil Procedure 56(f). Defendants
7  may file a supplementary reply, if any, by no later than April 4, 2008. The Court HEREBY
8  SETS the hearing on Defendants' motion for April 18, 2008 at 9:00 a.m.

9  The Court advises Plaintiff he has an obligation to file an opposition to Defendants'
10  motion and failure to do so may result in the dismissal of this case with prejudice. A motion for
11  summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end
12  Plaintiff's case. *See Rand v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc). A
13  principal purpose of the summary judgment procedure is to identify and dispose of factually
14  supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to
15  withstand a motion for summary judgment, the opposing party must set forth specific facts
16  showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A
17  dispute about a material fact is genuine "if the evidence is such that a reasonable jury could
18  return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
19  (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of
20  law." *Celotex Corp.*, 477 at 323. In opposing summary judgment, Plaintiff is not entitled to
21  rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao*
22  *Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.
23  1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by
24  making assertions in its legal memoranda"). Rather, Plaintiff's response must set forth specific
25  facts supported by admissible evidence, i.e., affidavits or certified deposition testimony,
26  showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275,
27  1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995),
28  and stating that it is not a district court's task to "scour the record in search of a genuine issue of

1  triable fact"). If summary judgment is granted, Plaintiff's case will be dismissed and there will
2  be no trial. *See Rand v. Rowland* 154 F.3d at 953-54.
3  **IT IS SO ORDERED.**

5  Dated: '22 JAN 2008



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

    Plaintiff,

v.

USA et al,

    Defendant.
_____/

Case Number: CV07-03708 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael S. White
P.O. Box 304
Hopland, CA 95449

Dated: January 22, 2008

Richard W. Wieking, Clerk
By: Kurt Heiser, Deputy Clerk