## The United States District Court
## Northern District of California

| | |
|---|---|
| Michael S. White and | |
| Stacy L. White, Pro Se ) | Jury trial demanded. |
| P. O. Box 304 ) | |
| Hopland, CA 95449 ) | |
| (707) 744-1641 - Home ) | |
| (707) 489-6596 - Bus. ) | Civil Case - No. C07-3708 JJW |
| Plaintiffs, ) | Originally filed 7/18/07 |
| Vs. ) | |
| United States of America ex rel. ) | |
| Internal Revenue Service ) | |
| Pauline Baldenegro, Revenue Officer ) | |
| 777 Sonoma Ave., Rm 112 ) | |
| Santa Rosa, CA 95404 ) | |
| And ) | |
| Ed Sabrack, Revenue Officer ) | |
| and Doug Hall, Group Manger ) | |
| 100 Smith Ranch Road, Suite 120 ) | |
| San Rafael, CA 94903-1979 ) | |
| Defendants ) | |

### CASE MANAGEMENT STATEMENT

1. **Jurisdiction and Service**: This Court has jurisdiction pursuant to *28 U.S.C. Section 1331* as this action involves federal statutes and defendants are federal agencies; *IRC 7433, F.R.Civ.P. 65(b), 28 U.S.C. Sections 451, 1331, 1357, 1361, and 1391 (e)*. Injunction is authorized under IRS *Section 6331(i)(4)(b)*. The Plaintiffs claim that the Defendants lacked personal jurisdiction as well as the Department of Justice upon proof of their authorization and establishment of a proven tax liability. There are no further parties to be served at this time.

---

2. **Facts:** The facts of this matter have been expressed in the original and amended claim for the violations of the Plaintiffs' Rights, federal statutes indicated and the cause of the actions involving local and federal officials violating the Rights of the Plaintiffs, rending void judgments, contradicting actions but the facts illustrated would only stated for the jurisdiction of <u>this particular case</u> - the case filed in the federal district court.

(1) On or about June 23, 2006, a Petition for Declaratory Judgment [a non-monetary claim] was filed in the local court of the Superior Court in Mendocino County to have the defendant named to appear to prove that all procedures were legally followed to claim a litigated lien against the Plaintiff Michael S. White.

(2) On or about August 11, 2006 it was transferred to the Federal District Court and the Plaintiff, on September 27, 2006, was sustained in his claim that the government's claims were lacking jurisdiction.

(3) On or about October 3, 2006, the assigned DOJ attorney ignored federal and local rules for appeals and filed another claim of jurisdiction in the local Court of Mendocino County.

(4) On or about October 26, 2006, the assigned judge in the local Court being Conrad Cox submitted an Order in favor of the assigned DOJ attorney and the case was returned to the federal district court where Judge Phyllis Hamilton ruled in favor of the government <u>contradicting her prior order.</u> **[there were no other issues raised to change 1st decision]**

(5) On or about November 21, 2006 it was clearly found and determined that judge Cox did not have a current oath of office and bond thereby it was determined that a void judgment had been rendered against the Plaintiff, Michael S. White.

(6) On or about July 18, 2007 a claim (C07-3708 JSW) for the violations of federal statutes as shown in the original claim for monetary relief was filed with this Court.

(7) On or about August 31, 2007 the additional Defendants performed an illegal act of attempting to secure information via a Summons without the proper filing, without proper authorization and ignoring the fact that the Plaintiff Michael S. White and his wife Stacy L. White's rights, personal jurisdiction and information

were illegally sought by the Defendant and other individuals named as defendants in the 2nd Amended Claim.

(8) On or about September 25, 2007 the 2nd Amended Claim (C07-3708 JSW) was filed in this court to include other violations, facts and claims with the addition of another Plaintiff and other Defendants ignoring the statutes so indicated in the 2nd Amended Claim.

3. **Legal Issues**: The Plaintiffs' statement is that there are violations of local and federal tax lien is not a lien without a hearing; 3) that certain Constitutional Rights were violated statutes in the matter of alleging that there was 1) a tax liability; 2) that a notice of federal in the illegal acts by government employees ignoring federal statutes, ignoring the required acts applicable to CA Code and Statutes in attempting to perfect a legal lien and 4) a host of other federal statutes being violated and instituted against both of the Plaintiffs. The specific statutes are as follows: *26 USC §§ 7426(a), 7433, 7214*; Under the protection of an individual legally classified as a witness *18 USC § 1512, 1513 and 1514*; Bank Fraud *18 USC § 1344*; Right of protection from the accused *18 USC § 3771(a)(1)*; Failure of the Internal Revenue Service and others to afford Rights pursuant to rights afforded by *18 USC § 3771(b)(1)*

4. **Motions** - there are no prior motions in this particular case, but there may be subsequent motions filed as may be necessary.

5. **Amendment of Pleadings** - Amended pleadings are as filed with this court. The Plaintiffs reserve the right to file any other subsequent amended pleadings as allowed by those statutes known to this court.

6. **Evidence Preservation** - With this case containing the major part of any evidence, all necessary protection of any evidence has been taken and there are no emails requiring classification as evidence to require preservation or protection.

MICHAEL S. WHITE AND STACY L. WHITE
CASE MANAGEMENT STATEMENT
No. C07-3708

7. **Disclosures** - To the best of the Plaintiffs knowledge and understanding any disclosure of any part of the case has been properly made to the parties so indicated without any disclosures to any party not related to this matter. All disclosures of any content of the Plaintiffs' complaint were made as indicated in the Certificate of Service.

8. **Discovery** - In regards to this particular case there has not been any discovery implemented or sought for the claims made. Anticipated discovery could involve the verification of the government as to proof of assessment per the intent of Congress; proof of legal procedures required per federal statutes to claim a litigated lien and proof of authorization of any adversarial party being the Department of Justice but that would not limit any discovery that may be seen as necessary as the trial progresses with the intent of being timely made.

9. **Class action** - this is not a class action case.

10. **Related Case** - The Plaintiffs do not view this case related to another case involving a local judge that did not have a current oath of office as the issues are directly related to his disqualification causing a prior case being wrongfully dismissed - this case has been filed with this court under another cover with defendants that are not government employees. The subject matter of that particular case does not involve the subject matter of this case.

11. **Relief Sought** - The Plaintiffs seek to have all money seized from all accounts, bank accounts or from any source of their income plus a reasonable amount of interest. The Plaintiffs seek to have a jury to determine any fines, penalties including any prison time for any legal acts deemed to be a felony by any or all of the defendants named. At least $59,727.27 was illegally seized under the color through bank fraud. As

---

MICHAEL S. WHITE AND STACY L. WHITE
CASE MANAGEMENT STATEMENT
No. C07-3708

-4-

shown in the original and the 2nd Amended complaint - the dates and times of the seizures are clearly shown. The defendants shown in the original and 2nd Amended claim should be considered the offending parties.

12. **Settlement and ADR** - The return of all money seized plus a reasonable amount of interest would cause this action to stop. The Plaintiff, Michael S. White attempted to resolve this matter earlier as shown in the original claim but this effort was ignored. There have been no attempts at any formal procedure under the Alternative Dispute Resolution Rule 3-5 through 3-9 with no certification mailed to anyone as the Plaintiffs are not privy to all of the particulars of this procedure with no positive responses from earlier efforts of the IRS.

13. **Consent to Magistrate Judge For All Purposes** - the Plaintiffs do here reject and refuse the appointment of a magistrate judge for this matter whereas the history within this Court requires that a judge be appointed other than those appointed *28 USC § 636.* While there are some criminal implications, the Plaintiffs believe this matter to be more civil in nature.

14. **Other References** - the Plaintiffs do not believe this matter would be better served in binding arbitration with a special master as referenced earlier or other considerations.

15. **Narrowing of Issues** - the Plaintiffs believe there should not be a narrowing of any issue so indicated in their complaint, whereas the egregious and previous actions of the defendants warrant consideration on all of the issues raised.

16. **Expedited Schedule** - if this matter can be expedited in such a fashion with the Plaintiff(s) given an **opportunity of notice of scheduled events**, we believe it

---

**MICHAEL S. WHITE AND STACY L. WHITE**
**CASE MANAGEMENT STATEMENT**
**No. C07-3708**

possible and the court should note that the Plaintiff has another matter presently filed with this court.

17. **Scheduling** - the Plaintiffs do not have any dates at this time for designation of experts, discovery cutoff or any other mentioned item under this provision.

18. **Trial** - the Plaintiffs request a trial by jury, and the expected length should not exceed 3 days.

19. **Disclosure of Non-party Interested Entities or Persons** - the Plaintiffs state here that there has not been any notification to any non-party interested entities or persons as it would apply to this matter. The only parties having a financial interest to this matter are the Plaintiffs. There are no other interest that could be substantially affected by the outcome of the pending trial other than the relief sought by the Plaintiffs.

20. **To facilitate the speedy conclusion of this matter as just, speedy and inexpensive disposition of this matter** would be for the court to objectively read, consider the evidence presented as to the Rights of the Plaintiffs without consideration of any type of protection of the system shown to have discrepancies of other local and federal officials causing serious financial and emotional stress and that finally the assigned judge would consider his or her Cannons first versus any perceived result causing the government a detriment to its system.

MICHAEL S. WHITE AND STACY L. WHITE
CASE MANAGEMENT STATEMENT
No. C07-3708