IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-03708 JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is Defendants' motion to dismiss that was converted into one for summary judgment. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and having had the benefit of oral argument, the Court hereby GRANTS Defendants' motion for summary judgment.

**BACKGROUND**

Plaintiff alleges that Defendants wrongfully assessed taxes against him and levied federal tax liens against his property. Plaintiff seeks damages for the allegedly wrongful tax collections and an injunction to remove the tax liens from his property. Defendants argue that this Court lacks jurisdiction over Plaintiff's complaint and that Plaintiff has not alleged facts that constitute a valid claim.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.   Legal Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence that negates an essential element of the non-moving party's claims, or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must be sure to point a court to the evidence precluding summary judgment because a court is

1  "'not required to comb the record to find some reason to deny a motion for summary
2  judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir.
3  2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th
4  Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment,
5  the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.    Defendants' Motion for Summary Judgment.**

Plaintiff's ability to challenge the tax assessments and liens is severely limited. To the extent Plaintiff seeks an injunction to remove the tax liens from his property, his claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421. "Actions to enjoin the assessment of taxes by the IRS are narrowly limited by the Anti-Injunction Act... ." *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed." 26 U.S.C. § 7421(a). There are several statutory and one judicial exception to the Anti-Injunction Act, however, none of these exceptions are applicable here.

Courts have allowed quiet title actions to contest the procedural validity of a tax lien. *See PCCE, Inc. v. United States*, 159 F.3d 425, 428 (9th Cir. 1998) (citing *Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991) (stating that [28 U.S.C.]§ 2410 permits "quiet title actions challenging the procedural aspects of tax liens, but not the merits of the underlying tax assessments")); *see also Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990) (holding that a taxpayer may contest the procedural validity of a tax lien through a quiet title action). Defendants have submitted Certificates of Assessments and Payments on Form 4340 (*see* Declaration of Cynthia Stier, Exs. 1-4), which constitute probative evidence that the assessments were properly made. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). The Court advised Plaintiff that it only has jurisdiction over Plaintiff's claim to the extent he asserts a *procedural* challenge to a *lien*. The Court provided Plaintiff an opportunity to present evidence in support of his claims that the liens are procedurally deficient, but he has not done so. In fact, at the hearing on Defendants' motion for summary judgment, Plaintiff clarified that

3

1 he did not posses such evidence. Instead, Plaintiff contends that the tax liens are not valid
2 because he has never had an opportunity in court to litigate them. Plaintiff's contentions do not
3 fall within the limited exception allowing quiet title suits to challenge procedural aspects of a
4 tax lien. Accordingly, the Court lacks jurisdiction over Plaintiff's suit to the extent he seeks an
5 injunction. *See Elias*, 908 F.2d at 523.

6 Nor does this Court have jurisdiction over Plaintiff's claims to the extent he seeks
7 damages. The United States, as sovereign, is immune from suit unless it waives that immunity
8 and consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The terms of the
9 United States' "consent to be sued in any court define that court's jurisdiction to entertain the
10 suit." *Id*. (quotes and citation omitted). Under 28 U.S.C. § 1346(a)(1), the United States has
11 consented to suits to recover taxes alleged to have been erroneously or illegally assessed or
12 collected, but only *after* the taxpayer has paid the disputed tax in full and fulfilled the
13 administrative requirements of 26 U.S.C. § 7422. *Flora v. United States*, 362 U.S. 145, 177
14 (1960); *see also Dalm*, 494 U.S. at 601.

15 Plaintiff mistakenly relies on 26 U.S.C. § 7433 to provide a jurisdictional basis for his
16 lawsuit. 26 U.S.C. § 7433 provides a limited waiver of the IRS's sovereign immunity by
17 allowing suits for damages if the IRS or its agents have intentionally, recklessly, or negligently
18 disregarded any provision of the Code "in connection with any collection of Federal tax...."
19 However, the waiver of sovereign immunity pursuant to § 7433 is narrowly construed. *Miller v.*
20 *United States*, 66 F.3d 220, 222-23 (9th Cir. 1995). This statute only permits actions
21 challenging unlawful collection practices. "[A] taxpayer cannot seek damages under § 7433 for
22 improper assessment of taxes." *Miller*, 66 F.3d at 223 (quoting *Shaw v. United States*, 20 F.3d
23 182, 184 (5th Cir. 1994)). Therefore, the Court does not have jurisdiction over Plaintiff's
24 claims challenging the validity of the assessments and liens against him. To the extent Plaintiff
25 asserts a claim challenging unlawful collection practices, he must first exhaust his
26 administrative remedies. *See* 26 U.S.C. § 7433; *see also Conforte v. United States*, 979 F.2d
27 1375, 1377 (9th Cir. 1993) (dismissing a claim under § 7433 that was filed without first
28 exhausting administrative remedies). Plaintiff alleged that he had exhausted all administrative

4

remedies and attached a copy of his administrative claim to his complaint. 26 C.F.R. § 301.7433-1(d) provides that no action shall be maintained in federal court before a decision on the administrative claim is received or, if no decision is given, six months after the administrative claim is filed. Plaintiff's administrative claim is dated May 11, 2007. (Second Amended Compl., Ex. A-1.) Plaintiff filed this action on July 18, 2007, approximately two months later. Plaintiff was required to wait six months after filing his administrative claim or until he received an administrative claim before bringing this suit. Accordingly, § 7433 does not provide this Court with jurisdiction over any of Plaintiff's claims.

Nor does 26 U.S.C. §§ 7426(a) or 7214 assist Plaintiff. Section 7426 provides that "[i]f a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. ..." Therefore, by it terms, § 7426 excludes claims by persons against whom the assessed tax arose, such as Plaintiff. Section 7214 is a criminal statute that does not provide for a private right of action and is thus not enforceable through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

Accordingly, the Court finds that it does not have jurisdiction over Plaintiff's claims and thus grants Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: June 30, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. WHITE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>USA et al,<br><br>　　　　Defendant.　　　　　　/ | Case Number: CV07-03708 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael S. White
P.O. Box 304
Hopland, CA 95449

Dated: June 30, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk